## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARION LEWIS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>OKLAHOMA DEP'T OF MENTAL HEALTH; )<br>OKLAHOMA FORENSIC CENTER; )<br>LORI JORDAN, Director; )<br>TERRI WHITE, Commissioner, )<br>)<br>  Defendants. ) | Case No. 12-CV-635-JHP-PJC |

### OPINION AND ORDER

On November 9, 2012, Plaintiff Marion Lewis filed a pro se 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). Plaintiff also submitted two (2) USM-285 Marshal service forms for Defendants Jordan and White. In addition, Plaintiff returned a blank motion to proceed in forma pauperis and blank summonses. Before this action may proceed, Plaintiff shall be required to cure the filing fee deficiency. In addition, the complaint is subject to dismissal based on Eleventh Amendment immunity and for failure to state a claim upon which relief may be granted. However, Plaintiff shall be afforded an opportunity to file an amended complaint to cure the deficiencies identified herein.

**A. Preliminary consideration**

In his complaint, Plaintiff states that he currently resides at the Oklahoma Forensic Center (OFC), 24800 South 4420 Road, Vinita, Oklahoma. That facility serves as Oklahoma's inpatient forensic facility and houses persons who have either been found incompetent for adjudication or adjudicated as Not guilty by Reason of Insanity (NGI). Plaintiff fails to state specifically whether

he is housed at OFC because he has been found incompetent for adjudication or found to be NGI. The distinction is significant. If Plaintiff has been committed to OFC after having been found NGI, then he may not be a "prisoner" as defined by the Prisoner Litigation Reform Act ("PLRA"). See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (holding that an NGI individual is a "mental patient, not a convict" and concluding that it is outside the definition of a "prisoner" under the PLRA); Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000) (holding that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners'"). If, on the other hand, Plaintiff has been found incompetent to stand trial and is being treated at OFC with the goal of being returned to competence in order to stand trial, then he qualifies as a "prisoner" for purposes of the PLRA. If Plaintiff is a "prisoner," then the exhaustion and filing fee requirements of the PLRA apply to him.[1]

**B. Filing fee deficiency**

In order to commence a civil action in this Court, Plaintiff is required to submit a $350 filing fee. 28 U.S.C. § 1914. Plaintiff failed to pay the filing fee when he filed his complaint. Therefore, within thirty (30) days of the entry of this Order, Plaintiff must either pay in full the $350 filing fee or, should he lack sufficient funds to prepay the filing fee, file a motion to proceed in forma pauperis.

---

[1] The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Further, the PLRA requires indigent prisoners to pay the full filing fee, in monthly installments, and defines "prisoner" as, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 28 U.S.C. § 1915(h); see also 42 U.S.C. § 1997e(h) (identical language).

If Plaintiff qualifies as a "prisoner" and is subject to the provisions of the PLRA, then he shall provide the accounting information required by statute. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b). If Plaintiff is a "prisoner," then he **is advised that even if he has insufficient funds to prepay the full $350 filing fee required to commence this action, he will nonetheless be responsible for full payment of the filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b)**. Plaintiff is further advised that he is obligated to pay the full $350 filing fee even if this action is dismissed prior to service.

If Plaintiff is not a "prisoner" and he lacks sufficient funds to prepay the full filing fee, then he shall be allowed to proceed in forma pauperis and he will not be responsible for payment of the filing fee in monthly installments.

**C. Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept

all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. <u>Id.</u> at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. <u>Id.</u> at 558.

### D. Complaint is subject to dismissal

In his complaint (Dkt. # 1), Plaintiff states that he has "a bad liver that needs to be transplanted and the Defendant[s] let it go so I'm dieing [sic]. They have not even sent me to a specialist." <u>Id.</u> Based on that statement, Plaintiff identifies one ground for relief, as follows:

> Count I:  Eighth Amendment of the U.S. Constitution.
> This hospital forensic center treat [sic] those that are not guilty by reason of insanity and not court related holds. I'm unlawfully detained under <u>Jackson v. Indiana</u>, 406 U.S. 715 (1972) <u>Jackson</u>, at 406 U.S. 716.
> Dr. Coonfield, Dr. Tandem, Cheif [sic] of Medical, said I was to [sic] far gone for treatment about five months ago, affirming a transplant is the only course of action.

(Dkt. # 1). In his request for relief, Plaintiff asks for "a liver transplant and if the Department of Mental Health has delayed to [sic] long five million dollars in punitive damages." <u>Id.</u>

#### 1. Eleventh Amendment immunity

Plaintiff has sued the Oklahoma Department of Mental Health and the Oklahoma Forensic Center. In addition, he has sued Lori Jordan, Director of the Oklahoma Forensic Center, and Terri White, Commissioner of the Department of Mental Health. Plaintiff is advised that the Eleventh Amendment precludes an individual from suing a state in federal court, and the bar exists whether the relief sought is legal or equitable. <u>Papasan v. Allain</u>, 478 U.S. 265, 276 (1986). The State of Oklahoma has not waived its Eleventh Amendment immunity. <u>See id.</u>; <u>Nichols v. Dep't of Corrs.</u>, 631 P.2d 746, 750-51 (Okla.1981). Thus, Plaintiff's claims against agencies of the State of

Oklahoma, and against agency employees sued in their official capacity, are barred by the Eleventh Amendment. See Callahan v. Poppell, 471 F.3d 1155, 1158-59 (10th Cir. 2006) (noting that because "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment).

### 2. Personal participation

Plaintiff names as defendants Lori Jordan, Director of the Oklahoma Forensic Center, and Terri White, Commissioner of the Oklahoma Department of Mental Health. To the extent he has sued those defendants in their individual capacity, Plaintiff fails to allege that either of those defendants personally participated in, had knowledge of, or acquiesced in any of the alleged wrongdoings. Plaintiff may seek to hold Defendants Jordan and White liable based solely on their roles as supervisors. If that is the case, his complaint fails to state a claim upon which relief may be granted and is subject to being dismissed.

Plaintiff is advised that personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir.

2006) (quotation omitted); see also Meade, 841 F.2d at 1527 (stating that to establish a § 1983 claim against a supervisor, the plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise" (quotations and alterations omitted)).

To the extent Plaintiff has sued Defendants Jordan and White in their individual capacity, based solely on their roles as supervisors, his complaint fails to state a claim upon which relief may be granted. For that reason, the complaint is subject to dismissal.

**E.  Opportunity to file an amended complaint**

Plaintiff will be afforded the opportunity to file an amended complaint to cure the deficiencies identified herein. If Plaintiff files an amended complaint, he must state specifically how and when each named defendant violated his constitutional rights. Plaintiff is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. **As part of his amended complaint, Plaintiff shall state specifically whether he is housed at OFC after being found incompetent to stand trial or after being found NGI.** If Plaintiff fails to file an amended complaint by the deadline established below, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by **December 18th, 2012**, Plaintiff shall either pay in full the $350.00 filing fee or file a motion to proceed in forma pauperis.

2. If Plaintiff is housed at OFC after being found incompetent to stand trial, then his motion to proceed in forma pauperis shall be supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint obtained from the appropriate official at OFC, or show cause in writing for his failure to do so.

3. If Plaintiff is housed at OFC after being found Not Guilty by Reason of Insanity, then his motion to proceed in forma pauperis shall include a statement showing the current balance in his account(s).

4. By the above-referenced deadline, Plaintiff shall file an amended complaint curing the deficiencies identified herein.

5. The Clerk of Court is directed to send Plaintiff a blank motion to proceed in forma pauperis (form AO-240), and a blank civil rights complaint (form PR-01), both identified as Case No. 12-CV-635-JHP-PJC.

6. Should Plaintiff fail to file an amended complaint by the above-referenced deadline, this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

DATED THIS 15th day of November, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma